**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

South Carolina Department of Social Services,
Respondent,

v.

Cassandra Mills, Anthony Hudson, Gerald Monroe, and
Anetha Hudson, Defendants,

Of whom Cassandra Mills is the Appellant.

In the interest of a minor under the age of eighteen.

Appellate Case No. 2023-001029

———————————

Appeal From Florence County
FitzLee H. McEachin, Family Court Judge

———————————

Unpublished Opinion No. 2024-UP-043
Submitted January 24, 2024 – Filed February 1, 2024

———————————

**AFFIRMED**

———————————

Harry A. Hancock, of Columbia, for Appellant.

Sally Ward Peace, of Sally Ward Peace, PA, of Florence,
for Respondent.

Stuart Wesley Snow, Jr., of Snow & Bailey Law Firm, P.A., of Florence, for the Guardian ad Litem.

**PER CURIAM:** Cassandra Mills appeals the family court's order removing her minor child from her custody, finding she physically neglected the child, granting Anetha Hudson legal and physical custody, and allowing the Department of Social Services to forego reasonable efforts at reunification. *See* S.C. Code Ann. § 63-7-1660(E) (2010) (setting forth findings a family court must make when removing children from the custody of their parents); S.C. Code Ann. § 63-7-1640(C) (Supp. 2023) (setting forth situations when a family court may authorize DSS to forego reasonable efforts at family reunification). Upon a thorough review of the record and the family court's findings of fact and conclusions of law pursuant to *Ex parte Cauthen*, 291 S.C. 465, 354 S.E.2d 381 (1987),[1] we find no meritorious issues warrant briefing. Accordingly, we affirm the family court's ruling and relieve Mills's counsel.

**AFFIRMED.**[2]

**MCDONALD and VINSON, JJ., and LOCKEMY, A.J., concur.**

---

[1] *See also S.C. Dep't of Soc. Servs. v. Downer*, S.C. Sup. Ct. Order dated Feb. 2, 2005 (expanding the *Cauthen* procedure to situations when "an indigent person appeals from an order imposing other measures short of termination of parental rights").

[2] We decide this case without argument pursuant to Rule 215, SCACR.